UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WAYNE FRITZ (#96177)

VERSUS                                            CIVIL ACTION

N. BURL CAIN, ET AL                               NUMBER 13-556-BAJ-SCR

**NOTICE**

   Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
   In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

   ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

   Baton Rouge, Louisiana, March 6, 2014.

                                       *[signature: Stephen C. Riedlinger]*
                                       STEPHEN C. RIEDLINGER
                                       UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WAYNE FRITZ (#96177)

VERSUS                                          CIVIL ACTION

N. BURL CAIN, ET AL                             NUMBER 13-556-BAJ-SCR

### MAGISTRATE JUDGE'S REPORT

Before the court is the Plaintiff's Reply To Answer and Defenses, Cross-Motion for Summary Judgment, and Memorandum in Support. Record document number 14. The motion is not opposed.

Pro se plaintiff, an inmate at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden N. Burl Cain, Assistant Warden Kenneth Norris, Assistant Warden Stephanie Lamartiniere and Dr. Jason Collins. Plaintiff alleged that the defendants were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights.

Plaintiff moved for summary judgment relying on a Statement of the Case and the results of Administrative Remedy Procedure ("ARP") LSP-2012-3193.[1]

---

[1] Copies of the First and Second Step Responses to LSP-2012-3193 were attached as exhibits to the plaintiff's complaint. Record document number 1, pp. 22-23.

## I. Applicable Law and Analysis

### A. Summary Judgment Standard

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a).  "[A] party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986).  The burden then shifts to "the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is genuine issue for trial.'" *Id*. at 324; *see* Fed.R.Civ.P. 56(c)(1).  "If a party fails to properly support an assertion of fact ... as required by Rule 56(c), the court may [ ] ... grant summary judgment if the motion and support materials – including the facts considered undisputed – show that the movant is entitled to it." Fed.R.Civ.P. 56(e)(3).  "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505 (1986).

**B. Deliberate Indifference**

Plaintiff alleged that the defendants were deliberately indifferent to his serious medical needs.  Specifically, the plaintiff alleged that he was diagnosed with a hernia and was advised by his treating physician that he required surgery.  Plaintiff alleged that the defendants denied him necessary surgery due to a lack of funds.  Plaintiff alleged that his condition worsened and his hernia ruptured causing him unnecessary pain and suffering.

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994).  The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference.  *Id*.

To prevail on an Eighth Amendment claim for deprivation of medical care a prisoner must prove that the care was denied and that the denial constituted "deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1976); *Johnson v. Treen*, 759 F.2d 1236 (5th Cir. 1985).  Whether the plaintiff received the treatment he felt he should have is not the issue.  *Estelle v. Gamble*, *supra*; *Woodall v. Foti*, 648 F.2d 268

(5th Cir. 1981).  Unsuccessful medical treatment does not give rise to a Section 1983 cause of action.  *Varnado v. Lynaugh*, 920 F.2d 320 (5th Cir. 1991), *Johnson v. Treen, supra*.  Negligence, neglect or medical malpractice does not rise to the level of a constitutional violation.  *Varnado, supra*.

**C. Analysis**

After this motion was filed the plaintiff served written discovery requests, to which the defendant served responses.[2] Considering these discovery responses in the light most favorable to the defendants, it is apparent that the plaintiff has not shown that there are no genuinely disputed material facts and that he is entitled to summary judgment.

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the Plaintiff's Reply To Answer and Defenses, Cross-Motion for Summary Judgment, and Memorandum in Support be denied without prejudice to the plaintiff filing another motion for summary judgment after the time to complete discovery has expired.

Baton Rouge, Louisiana, March 6, 2014.

                                                        *Stephen C. Riedlinger*
                                                        STEPHEN C. RIEDLINGER
                                                        UNITED STATES MAGISTRATE JUDGE

---

[2] Record document numbers 23 - 30.  These were filed after the plaintiff filed a Motion to Compel Discovery.